Because the majority holds that no independent review is required under Civ.R. 53(E)(4)(b), I write separately and concur in judgment only.
The language Civ.R. 53(E) and its staff note permit the trial court to pass over the independent review of the record only when no objections have been filed. On the contrary, when objections are filed, a trial court must conduct an independent review of those portions of the record relating to the arguments raised in the party's objections. Civ.R. 53(E)(4)(b). In other words, once objections are filed, a trial courtmust rule on them as part of its independent review. Prior to the rule's amendment, trial courts were not permitted to defer to a magistrate. The amendments do not indicate that the trial court's function has changed. As the ultimate finder of fact, a trial court must make its own factual determinations through an independent analysis of the issues raised. Hence, deference to the magistrate's resolution of any question remains inappropriate.
Applying this reasoning to the case at hand, I reach the same conclusion as the majority. However, I concur in judgment only because the trial court, after conducting its independent review, erred by deferring to the magistrate. Specifically, after overruling Appellant's objections, the trial court adopted the magistrate's decision, employing a "substantial, credible evidence" review of the record. The application of this standard indicates: (1) that an independent review was undertaken; and, (2) that the trial court deferred to the magistrate's resolution of the facts. The trial court erred by deferring to its magistrate, and the judgment should be vacated. I concur, therefore, in judgment only.